# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HAMMERHEAD GROUP, LLC d/b/a DECOWRAPS, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>PAUL E. RILEY, JR. and KIMBERLY R. PHILLIPS, )<br>)<br>Defendants. ) | Case No. 4:23-cv-00676-SEP |

## MEMORANDUM AND ORDER

Before the Court is Defendant Kimberly R. Phillips's motion for leave to file under seal. Doc. [77]. For the reasons set forth below, the motion is denied.

### FACTS AND BACKGROUND

On September 20, 2023, Defendant filed a motion for leave to file under seal, Doc. [77], asking the Court to seal an exhibit to her Response in Opposition to Plaintiff's Motion for Preliminary Injunction. The exhibit is "an internal email chain which includes the business email address of a non-party customer of Decowraps." Doc. [77] at 1. Defendant seeks to file the exhibit under seal because Plaintiff "marked the email as 'confidential – subject to protective order' and requested [Defendant] file it under seal to protect what it believes is confidential information." *Id*. Defendant's sealed memorandum in support of her motion to file under seal does not provide any additional factual or legal justification for the sealing. *See* Doc. [78].

### DISCUSSION

There is a "common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

Defendant's motion does not comply with Eastern District of Missouri Local Rule 13.05. The proponent of sealing must file an unsealed motion for sealing that generally describes "the material or information sought to be filed under seal without disclosing the substance of the material sought to be kept confidential"; "the legal grounds for sealing"; and, if requesting indefinite sealing, "the reasons supporting the request." E.D. Mo. L.R. 13.05(A)(4)(a). The movant also must file under seal a "Memorandum Supporting Sealing" that states "the specific legal and factual reasons justifying the sealing." *Id.* at 13.05(A)(4)(b)(i). The fact that the relevant information is designated as confidential by a protective order is "relevant to, but not dispositive of," the Court's sealing decision. *Id.* at 13.05(A)(3).

Defendant's briefs supporting sealing do not provide a factual or legal basis to justify sealing. Because the Court decides motions for leave to file under seal "in light of the relevant facts and circumstances of the particular case," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978), lack of admissible evidence alone constitutes a basis for denying the motion. *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d. 977, 981 (D. Minn. 2016) ("Defendants assert that the information they redacted constitutes 'confidential and sensitive business and personnel information' . . . . But Defendants make no effort to support these bare assertions with any evidence."). Defendant's only justification for sealing is that Plaintiff wants to protect "what it believes is confidential information that may be disclosed by the business email [of a nonparty customer] being filed publicly." Doc. [78] at 2. Defendant does not give "specific legal and factual reasons justifying the sealing." E.D. Mo. L.R. 13.05(A)(4)(b)(i).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Kimberly R. Phillips's motion for leave to file under seal, Doc. [77], is **DENIED** without prejudice for failure to comply with Eastern District of Missouri Local Rule 13.05.

**IT IS FINALLY ORDERED** that the parties will meet and confer regarding the need to seal documents. Any renewed motion for leave to file under seal must be filed no later than September 26, 2023, to allow for the Court's review before the September 28th preliminary injunction hearing. Any motion that does not comply with Local Rule 13.05 will be denied.

Dated this 21st day of September, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE