# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HAMMERHEAD GROUP, LLC d/b/a DECOWRAPS, ) ) ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:23-cv-00676-SEP |
| ) | |
| PAUL E. RILEY, JR. and KIMBERLY R. PHILLIPS, ) ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's Motion for Preliminary Injunction, Doc. [9], Unopposed Motion for Leave to File Under Seal, Doc. [91], and the parties' Joint Motion for Entry of Agreed Final Injunction Order, Doc. [93]. For the reasons set forth below, the motion for leave to file under seal and motion for a final injunction are granted. The motion for preliminary injunction is denied as moot.

### FACTS AND BACKGROUND

Plaintiff Hammerhead claims that its former employees, Defendants Riley and Phillips, misappropriated trade secrets when they left the company to work for a competitor. Docs. [1], [57]. Plaintiffs first sought a preliminary injunction, Doc. [9], but the Court vacated a scheduled preliminary injunction hearing at the parties' request. Doc. [89]. The parties, along with the Defendants' new employer, Koen Pack USA, Inc., now agree that the entry of an injunction is appropriate, and they filed a Joint Motion for Entry of Agreed Final Injunction Order, Doc. [93].

The proposed permanent injunction requires Defendants and Koen Pack to delete certain electronically stored documents from their electronic devices and turn over any physical copies of those documents within 7 days of the injunction's entry. Doc. [93-1] at 2-3. The proposed injunction would also restrain Defendants, acting with Koen Pack or otherwise, from "directly or indirectly (i) soliciting, (ii) attempting to solicit, (iii) conducting business with, or (iv) assisting others in the solicitation of, any of the customers listed on Exhibit A" for six months after the injunction is entered. *Id.* at 4. Exhibit A to the proposed injunction includes a list of Plaintiff's customers. Plaintiff filed an unopposed motion for leave to file Exhibit A under seal. Doc. [91].

**DISCUSSION**

**I.     Unopposed Motion to for Leave to File Under Seal**

"Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978), and *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013)). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies.'" *IDT Corp.*, 709 F.3d at 1222 (internal citation omitted) (quoting *Nixon*, 435 U.S. at 598) (citing *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 (3d Cir.1993)). "The decision whether to seal a judicial record is left to the sound discretion of the trial court 'in light of the relevant facts and circumstances of the particular case.'" *Wishah v. City of Country Club Hills*, 2021 WL 3860328, at *2 (E.D. Mo. Aug. 30, 2021) (quoting *Nixon*, 435 U.S. at 599). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223. "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)).

Plaintiff's sealing motion is supported by a sealed memorandum of law, Doc. [92], that explains why Exhibit A should be filed under seal. Plaintiff argues that the customer list is confidential and competitively sensitive information. Doc. [92] at 1. If the names of Plaintiff's customers are disclosed, Plaintiff's "competitors could gain access to confidential information that is not generally known to the public and make use of this information to attempt to poach or interfere with Decowraps' customer relationships, resulting in significant damages and/or irreparable harm." *Id.* at 2. Plaintiff also argues that the public's interest would not be undermined by sealing because there is no legitimate public interest in the "confidential customer names." *Id.*

The Court agrees that Plaintiff's interest in keeping the names of its customers sealed outweighs the public's interest in those names. Plaintiff's trade-secret claims are based on the importance of keeping customer information out of competitor's hands. The Court takes no

2

position at this time on whether the customer names are protected trade secrets under federal or Missouri law, but forcing Plaintiff to disclose that information on the public docket would undermine its claims that such information deserves protection.  *See, e.g.*, Doc. [57] ¶ 121 ("The Trade Secrets include but are not limited to customer lists . . . .").  The Eighth Circuit has upheld sealing decisions to protect similar "confidential and competitively sensitive information." *IDT Corp.*, 709 F.3d at 1224.  The public filing of the injunction, which contains the terms and conditions by which the parties have agreed to be bound, adequately protects the public's interest in "evaluat[ing] the reasonableness and fairness of judicial proceedings."  Therefore, the motion for leave to file under seal is granted.

II.     **Joint Motion for Entry of Agreed Final Injunction Order**

Federal Rule of Civil Procedure 65(d)(1) requires that every order granting an injunction must "(A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."  The Court grants the parties' Joint Motion for Entry of Agreed Final Injunction because the parties and Koen Pack have agreed to be bound by the terms and the Court finds that the injunction appropriately balances the harms to the parties and is not contrary to the public interest.  The terms of the injunction and the acts to be restrained and required are set out in the injunction, which the Court will issue in a separate order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Unopposed Motion for Leave to File Under Seal, Doc. [91], is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties' Joint Motion for Entry of Agreed Final Injunction Order, Doc. [93], is **GRANTED**.  A separate order of injunction will issue.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Preliminary Injunction, Doc. [9], is **DENIED as moot**.

Dated this 20th day of October, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE